UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

<table>
<tr><td>

HEDGEYE RISK MANAGEMENT, LLC,

          Plaintiff,

v.

PAUL HELDMAN and HELDMAN SIMPSON
PARTNERS,

          Defendant.

</td><td>

)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

</td><td>

CIVIL ACTION NO. 1:16-cv-00935

</td></tr>
</table>

## PLAINTIFF'S FIRST AMENDED COMPLAINT

### PARTIES

1.    The plaintiff, Hedgeye Risk Management, LLC (hereinafter "Hedgeye" or "the Plaintiff") is a limited liability company with a principal place of business located in Stamford, Connecticut.

2.    The defendant, Paul Heldman (hereinafter "Heldman" or "the Defendant"), is an individual residing in Gaitherburg, Maryland.

3.    The defendant, Heldman Simpson Partners, LLC (hereinafter "Heldman Simpson Partners" or "the Defendant") is a Washington, D.C., limited liability company.

### JURISDICTION

4.    This court has diversity jurisdiction by virtue of 28 U.S.C. §1332.

15826.0001

FACTS

5.      At all times material hereto, Hedgeye is a registered investment advisor with the Connecticut Department of Banking and provides financial and economic research and analysis to institutional investors and newsletter products to mass market customers.

6.      At all times material hereto, Potomac Research Group (hereinafter "PRG") was an independent research firm that provided policy research and analysis to institutional investors.

7.      Heldman worked for PRG for over seven (7) years, during which time Heldman became a valued and trusted employee at PRG.

8.      On December 15, 2015 PRG sold its assets to Hedgeye as set forth in the Asset Purchase Agreement ("the Asset Purchase Agreement") entered into by Hedgeye and PRG.

9.      After December 15, 2015, Heldman began working for Hedgeye, performing the same work in the same capacity for Hedgeye as he had for PRG.

10.     At all times material hereto, during his employment with PRG, Heldman was a valued employee in a position of trust and confidence within PRG, with access to sensitive client information.

11.     On January 21, 2016, Heldman quit work for Hedgeye without notice.

12.     After Heldman's resignation, Hedgeye retained the services of Setec Security Technologies, Inc. ("Setec") to perform a forensic examination of the laptop computer used by Heldman during his employment with Hedgeye.

13.     In performing their investigation, Setec looked for trends in activity leading up to the end of Heldman's employment.  Some trends that Setec looked for included suspicious emails, the use of USB storage devices, suspicious internet browsing and search history, and nonstandard file access.

14.     Setec identified many of those trends.  Heldman's computer was found to have logged several USB storage devices during his employment with Hedgeye, suggesting improper information downloads.

15.     An examination of Heldman's computer also indicated he was opening a large number of files and folders on the Hedgeye network shared drive in December, 2015, and January, 2016.

16.     Dozens of these files and folders are highly sensitive and contain documents that Heldman would not have been accessing in his normal and ordinary course of business.

17.     A review of Hedgeye's email archiving system containing Heldman's emails revealed that many emails were sent to individuals requesting in-person meetings.

18.     A review of Mr. Heldman's web-browsing history revealed contact lookups, contact searches and dozens of individual contacts being referenced in late December 2015, through January 13, 2016.

19.     Heldman, therefore, used the Plaintiff's instrumentalities to start his business while he was still employed with Hedgeye.

20.     In January, 2016, Heldman formed Heldman Simpson Partners, and has recruited two other Hedgeye employees to join him in the new business that directly competes with Hedgeye.

21.     Heldman now advertises that he "specializes in translating legislative developments and policy changes… for the investment community," and that prior to forming Heldman Simpson Partners, he "ran" the healthcare team at PRG.

22.     Upon information and belief, Heldman has reached out to and solicited Hedgeye clients in order to provide health policy research information services to them while employed with Hedgeye.

23.     As a result of Heldman's activities, several clients have left Hedgeye, or have moved all or portions of their business from Hedgeye, including Partner Fund Management, L.P. (U.S.) and Redmile group, LLC.

24.     These departures have had a significant and detrimental financial impact to Hedgeye's revenue.

<u>COUNT I</u>
Breach of Fiduciary Duty And Duty of Loyalty - Heldman

25.     The Plaintiff incorporates the preceding paragraphs as if specifically set forth herein.

26.     The Defendant, Heldman, was a valued employee of PRG and Hedgeye, and at all times material hereto, enjoyed a position of trust and confidence within PRG and Hedgeye.

27.     In his position of trust and confidence, the Defendant, Heldman, owed his employer a duty of good faith, utmost honesty and loyalty such that a fiduciary duty arose from Heldman's employment in a position of trust and confidence.

28.     The Defendant breached his fiduciary obligation to his employer by actively soliciting his employer's clients and employees while employed with Hedgeye, by using and appropriating confidential and sensitive Hedgeye information, and by using Hedgeye instrumentalities to do so.

29.     As a result of the Defendant's breach of his fiduciary duty, the Plaintiff has sustained damages.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment against the Defendant for his breach of fiduciary duty and award the Plaintiff its damages as well as its reasonable costs and attorneys' fees, as well as any such other relief as this Court deems appropriate and just.

<u>COUNT II</u>
Interference With Advantageous Business Relations - Heldman

30.     The Plaintiff incorporates the preceding paragraphs as if specifically set forth herein.

31.     The Plaintiff had existing business relationships with third parties that the Defendant, Heldman, knew about and has in bad faith attempted to solicit away from the Plaintiff.

32.     As a result of the Defendant's conduct, the Plaintiff has sustained and will continue to sustain damages.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment against the Defendant for his interference with the Plaintiff's business relationships and award the Plaintiff its damages as well as its reasonable costs and attorneys' fees, as well as any such other relief as this Court deems appropriate and just.

<u>COUNT III</u>
Constructive Trust – All Defendants

33.     The Plaintiff incorporates the preceding paragraphs as if specifically set forth herein.

34.     The Plaintiff employed Heldman, a trusted employee, as a Senior Health Policy Analyst.

35.     Upon information and belief, while employed with the Plaintiff, the Defendant breached his fiduciary duty to the Plaintiff by competing with the Plaintiff, and soliciting clients and employees while employed with the Plaintiff.

36.     By reason of this breach of fiduciary duty and the fraudulent and otherwise manner in which the Defendants have obtained profits from business solicited from the Plaintiff's clients, the Court can hold that the Defendants have no legal or equitable right, claim, or interest therein, and instead, that the Defendants are involuntary trustees holding said profits in constructive trust for the Plaintiff with the duty to convey the same to the Plaintiff forthwith.

WHEREFORE, the Plaintiff requests that this Honorable Court declare that the Defendants hold profits derived from the business from the Plaintiff's clients as a constructive trust for the Plaintiff's benefit,  and award the Plaintiff its damages as well as its reasonable costs and attorneys' fees, as well as any such other relief as this Court deems appropriate and just.

## **DEMAND FOR JURY TRIAL**

The Plaintiff demands a jury trial on all issues so triable.

Respectfully Submitted,

The Plaintiff,

HEDGEYE RISK MANAGEMENT, LLC

By its attorneys,

/s/ Raipher D. Pellegrino

Date:   July 22, 2016

_____
Raipher D. Pellegrino, Esq. (*Pro Hac Vice*)
Edward A. Prisby, Esq. (*Pro Hac Vice*)
Raipher D. Pellegrino Associates, P.C.
265 State Street
Springfield, MA 01103
(413) 746-4400
(413) 746-2816 (Facsimile)
Rdp@rdpalaw.com
Eap@rdpalaw.com

BONNER KIERNAN TREBACH &
CROCIATA, LLP

/s/ Nadia A. Patel

_____
Alan S. Block #431010
Nadia A. Patel #1019170
1233 20th Street, N.W.
Eighth Floor
Washington, D.C. 20036
(202) 712-7000
(202) 712-7100 (Facsimile)
ablock@bonnerkiernan.com
 npatel@bonnerkiernan.com

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served via first

class mail, postage pre-paid, on this 22nd day of July, 2016 upon the following:

John B. Simpson
Martin Wren, PC
400 Locust Ave., Suite 1
Charlottesville, VA 22902

/s/ Nadia A. Patel

_____

Nadia A. Patel