Ex. A

# EXHIBIT 20

Case 1:07-Case 1:16-cv-00935-RDM Document 21-1 Filed 05/14/18 Page 1 of 7 PageID #: 474

Ex. A

Lawrence E. Abelman
Jeffrey A. Schwab
Victor M. Tannenbaum
Peter J. Lynfield
Alan J. Hartnick
Caridad Piñeiro Scordato
Michael Aschen
Julianne Abelman
Jonathan W. Gumport
Julie B. Seyler
Marie Anne Mastrovlto
Joseph J. Catenzaro
Anthony A. Coppola
Richard L. Crisona
Ned W. Branthover
Anthony J. DiFilippi
Harry K. Ahn
Michael J. Schwab
Natasha J. Burns
Jennifer Waitman

Writer's Direct e-mail:
aacoppola@lawabel.com

# ABELMAN, FRAYNE & SCHWAB
Attorneys at Law
666 Third Avenue
New York, NY 10017

Telephone: (212) 949-9022
Facsimile: (212) 949-9190
e-mail@lawabel.com

Of Counsel:
Norman S. Beier
Alan D. Gilliland
Thomas E. Spath
Melvin L. Ortner
Constance Golden
J. David Dainow
David Toren

Jay S. Cinamon
Lori B. Cohen
Frank Terranella
Anthony J. Natoli
Steven M. Hertzberg
John H. Choi
John Price

*Alexander Zinchuk
(*Registered Patent Agent)

January 9, 2008

**Via e-mail**
Bing Li, Esq.
Law Offices of Bing LI, LLC
1350 Broadway, Suite 1001
New York, New York 10018-0947

**CONFIRMATION COPY**

Re: **Star Mark v. Koon Chun - CV 07 3208**

Dear Mr. Li:

We are writing on behalf of defendant, Koon Chun Hing Kee Soy & Sauce Factory, Ltd. ("Koon Chun") regarding the Complaint in the referenced matter which was recently received by Koon Chun.

It is our position that the Complaint contains claims that are not warranted by existing law, present frivolous arguments, have no evidentiary support, and has been filed merely to harass Koon Chun and to cause Koon Chun to bear unnecessary legal costs.

The Complaint is faulty for a number of reasons, including but not limited to the fact that:

1) The Complaint fails to state any claim upon which relief can be granted;

2) Plaintiffs' claims are barred, in whole or in part, under the applicable statutes of limitations;

3) The Compliant fails because 15 U.S.C. § 1119, the statute which you rely upon in seeking relief, alone does not create grounds for federal jurisdiction unless plaintiff has a federally registered trademark or there is an independent ground for federal jurisdiction and plaintiff does not meet either of these requirements;

ABELMAN, FRAYNE & SCHWAB

Bing Li, Esq.
January 9, 2008
Page 2

4) The Complaint fails because the plaintiffs did not first exhaust their administrative remedies before resorting to the Federal court;

5) The Complaint fails because plaintiffs are not consumers of Koon Chun products, do not hold a federal trademark registration similar to Koon Chun's and have suffered no harm -- therefore lack standing to bring this action; and

6) The action is already or will be barred by *res judicata* once the *Koon Chun v. Star Mark* (04 Civ. 2293 (JFB)(SMG)) judgment is made final.

Moreover, you previously presented allegations similar to those in the pending Complaint to the same Court in the matter of *Koon Chun v Star Mark*, 04-cv-2293 in the form of a request for a pre-motion conference to amend defendants' answer (see ECF Docket # 183). Koon Chun's response to your arguments and the arguments on why your claims were unreasonable were also presented to the Court in its response to your request (see ECF Docket # 184). You also filed a reply to our response (see ECF Docket # 185). A telephone conference before Judge Gold was held on June 20, 2007, where your arguments were fully heard.

At that time, Judge Gold commented that he did not believe your allegations were meritorious stating, "If it's [the amended answer motion] made and I deem it appropriate, I will consider whether Section 1927 of Title 28 warrants some kind of a sanction because frankly, nothing you've said so far has explained to me what possible good faith basis there could be for it." 14:8-12. Moreover, Judge Gold explained the reasons when he stated, "I do not see any bad faith in describing a sauce by food that it might accompany instead of by its ingredients. Number two, the ingredients are on the label. Number three, it could have been discovered before the summary judgment practice and there's no reason other than the fact that it didn't occur to anybody, that it wasn't, as is true of your remarks about the label. So given all of those factors, I just can't imagine how the motion could be responsibly granted..." 15:11 – 16:1

Based on our response and Judge Gold's remarks in the conference, we believe you were fully informed about the deficiencies in your claims and the Court's reactions. We find it highly questionable that you still proceeded to file this pending action making the same arguments.

In addition, in your Complaint, you alleged that Koon Chun's trademark, when used in connection with its goods, was materially and substantially altered without approval of the U.S.P.T.O.; and Koon Chun submitted false statements and fraudulent declarations about the use of its Trademark to the U.S.P.T.O. These allegations are unfounded and grossly inaccurate. In actuality, Koon Chun provided samples of the actual product labels containing the names of the products, weight information, and product's ingredient tables to the U.S.P.T.O during the registration and renewal processes. Such samples have been reviewed, approved and filed by U.S.P.T.O and are readily available for review at the U.S.P.T.O. web site.

ABELMAN, FRAYNE & SCHWAB

Bing Li, Esq.
January 9, 2008
Page 3

     In view of the foregoing, it is evident that plaintiff's claims were asserted without a reasonable inquiry into the underlying facts; are not warranted under the controlling case law or a non-frivolous argument for extension of existing law; have no evidentiary support; and were asserted solely to harass defendant and to cause defendant to bear unnecessary legal costs and could not have been advanced in good faith. See e.g. *Jacques v. Dimarzio*, 216 F. Supp. 2d 139, 143 (E.D.N.Y. 2002) (Rule 11 sanctions imposed for counsel's failure to conduct a reasonable inquiry concerning the allegations in the complaint and his proceeding with a case that had no chance of success under the controlling case law and circumstances); *Gambello v. Time Warner Communs.*, 186 F Supp 2d. 209, 229 (E.D.N.Y. 2002) (Rule 11 sanction awarded against counsel where a reasonable inquiry prior to filing complaint would have revealed lack of evidentiary support and counsel continued to pursue meritless claims after being presented with the facts).

     This letter will serve to provide you with notice that defendants will seek sanctions pursuant to Fed. R. Civ. P. 11(c) (1)(A) if the Complaint is not withdrawn within twenty one (21) days of the date hereof. A copy of Koon Chun's Notice of Motion is attached for your reference.

     Very truly yours,

     Anthony A. Coppola

AAC/tc
cc: Koon Chun Hing Kee Soy & Sauce Factory, Ltd.

ABELMAN, FRAYNE & SCHWAB
Lawrence E. Abelman (LA 6486)
Anthony A. Coppola (AC 3548)
John H. Choi (JC 1286)
666 Third Avenue
New York, New York 10017
(212) 949-9022

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------X
STAR MARK MANAGEMENT, INC., a
New York corporation, GREAT MARK
CORPORATION, a New York corporation,
and JIMMY ZHAN a/k/a YI Q. ZHAN,
individually and on behalf of Star Mark
Management, Inc. and Great Mark
Corporation,

                                                         07 Civ. 3208 (JFB)(SG)

                *Plaintiffs*,

             -against-

KOON CHUN HING KEE SOY & SAUCE
FACTORY, LTD., a company organized under
the laws of Hong Kong,

                *Defendant.*
-------------------------------------------------X

## NOTICE OF DEFENDANT'S MOTION FOR SANCTIONS
## AGAINST PLAINTIFFS PURSUANT TO FED. R. CIV. P. 11(c)

**PLEASE TAKE NOTICE THAT** the undersigned attorneys for Defendant Koon Chun Hing Kee Soy & Sauce Factory, Ltd. will move before the Honorable Joseph F. Bianco, United States District Judge, at 225 Cadman Plaza East, Brooklyn, New York for (a) an Order granting Defendant's Motion for Sanctions Against Plaintiffs Pursuant to Fed. R. Civ. P. Rule 11(c); and (b) such other relief as this Court may deem just and proper.

       This motion will be based upon the accompanying Memorandum of law, the accompanying declaration of Raymond Chan and Anthony A. Coppola and the accompanying exhibits, all pleadings, and such additional oral or documentary evidence as may be received prior to or at a hearing on this Motion.

The Motion is based on the fact that the claims of the Complaint are not warranted by existing law, present frivolous arguments and were filed merely to harass Koon Chun. Moreover, the following facts demonstrate plaintiff's and their counsel's violation of their duties of representations to the Court pursuant to Fed. R. Civ. P. 11(b):

1) The Complaint fails to state any claim upon which relief can be granted;

2) Plaintiffs' claims are barred, in whole or in part, under the applicable statutes of limitations;

3) The Complaint fails because 15 U.S.C. § 1119 alone, the statute which plaintiffs rely upon in seeking relief does not create grounds for federal court jurisdiction;

4) The Complaint fails because the plaintiffs did not first exhaust their administrative remedies before resorting to the Federal court;

5) The Complaint fails because plaintiffs are not consumers of Koon Chun products and have suffered no harm and therefore lack standing to bring this action; and

6) The Complaint is already or will be barred by *res judicata* once the *Koon Chun v. Star Mark* judgment (04 Civ. 2293 (JFB)(SMG)) is made final.

Dated: January 7, 2008         ABELMAN FRAYNE & SCHWAB

Lawrence E. Abelman (LA 6486)
Anthony A. Coppola (AC 3548)
John H. Choi (JC 1286)
666 Third Avenue
New York, New York, 10017
(212) 949-9022

*Counsel for Plaintiff*

-2-

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 9, 2008, I caused a true and complete copy of the foregoing document:

- Notice of Defendant's Motion for Sanctions Against Plaintiffs Pursuant to Fed.R.Civ.P. 11(c)

to be served by email, facsimile and first class mail delivery upon:

> Bing Li, Esq.
> LAW OFFICES OF BING LI
> 1350 Broadway
> Suite 1001
> New York, New York 10018-0947
> Attorneys for Defendants

_____